UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANCE MURRAY, et al.,

    Plaintiffs,

v.                                                                                  Case No. 22-10119
                                                                       Hon. Denise Page Hood

UNITED ELECTRICAL
CONTRACTORS, INC.,

    Defendant.

_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER VENUE [ECF No. 13], DENYING AS MOOT PLAINTIFF'S MOTION FOR PRETRIAL CONFERENCE [ECF No. 20] AND TRANSFERRING THE CASE TO THE W. D. OF MICHIGAN</u>**

**I.     INTRODUCTION**

On January 20, 2022, Plaintiffs Vance Murray, Eric Burch, Tyler Richardson, Marius Richardson, Jordan Shank, Gabriel Tavera, Angienetta Allen, Hillary Coleman, and Christopher Manning filed this action against Defendant United Electrical Contractors, Inc.  On March 2, 2022, Plaintiffs filed an Amended Complaint against Defendant that includes claims for: (a) racial harassment and discrimination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of

1

1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); (b) national origin harassment in violation of Title VII and ELCRA; (c) retaliation in violation of 42 U.S.C. § 1981, Title VII and the ELCRA; (d) disability harassment and discrimination in violation of the Americans With Disabilities Act ("ADA") and Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), and sexual harassment and retaliation in violation of ELCRA. [ECF No. 8]

On April 7, 2022, Defendant filed a Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue [ECF No. 13], and the parties have fully briefed the Motion. The Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue [ECF No. 13] is granted in part and denied in part, and the case is transferred to the Western District of Michigan.

## II.   BACKGROUND

Defendant provides electrical services to builders, general contractors, building owners, and governmental organizations and industry throughout the State of Michigan. Defendant is headquartered in Lansing, Michigan, and it has an office in Livonia used for storage and short-term meeting or working space. None of Defendant's employees are regularly assigned or stationed there. Plaintiffs are former employees of Defendant. While employed by Defendant, Plaintiffs

performed electrical work at job sites to which they were assigned and provided direct, onsite services for Defendant's customers.

All nine Plaintiffs reside in Michigan. Five Plaintiffs live within the Western District of Michigan ("Western District"), and the other four Plaintiffs live in the Eastern District of Michigan ("Eastern District"). Coleman and Marius Richardson live in the Western District, performed work for Defendant exclusively in the Western District, and their claims arise from conduct that occurred in the Western District. Burch, Manning, and Tyler Richardson reside in the Western District, performed minimal work for Defendant in the Eastern District, and their claims arise from conduct that occurred in the Western District. Tavera lives in the Eastern District (Jackson County), but he performed work for Defendant exclusively in the Western District, and his claims arise from conduct that occurred in the Western District.

Shank lives in the Eastern District but performed work for Defendant exclusively in the Western District, and his claims arise from conduct that occurred in the Western District. Murray lives in the Eastern District and performed almost all of his work for Defendant in the Eastern District. Allen lives in the Eastern District and performed her work for Defendant exclusively in the Eastern District.

**III. ANALYSIS**

### A. Venue Under Title VII

In its Motion, Defendant asserts that venue in the Eastern District is improper under Title VII, citing the following provision:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

As Defendant argues, the venue provision contained in Title VII "is not simply a supplement to 28 U.S.C. §1391; it is the exclusive venue provision for all Title VII … actions." *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, 2012 WL 1886440, at *11 (N.D. Ill. May 22, 2021) (internal citations omitted); *Vincent v. Woods Servs.*, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008) (citations omitted) ("the Title VII venue provision is mandatory and well-settled, thereby rendering other general venue provisions inapplicable . . . and it further appearing that the Title VII venue provision controls even if other claims are asserted simultaneously in an action[.]"). "[I]n the employment discrimination context, Title VII should be

considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981." *Hayes v. RCA Service Co.*, 546 F. Supp. 661, 665 (D.D.C. 1982).

Defendant argues that venue is improper in the Eastern District because Plaintiffs cannot satisfy one of the venue requirements identified in 42 U.S.C. § 2000e5(f)(3). *Spencer v. Rumsfeld*, 209 F. Supp.2d 15, 17 (D.D.C. 2002) (granting motion to transfer based on Title VII's venue statute). Specifically, Defendant contends that each of the Plaintiffs filing a Title VII claim must meet the venue requirements under 28 U.S.C. § 2000e-5(3) in the judicial district where the case is filed, and Tavara, Shank, and Marius Richardson's Title VII claims lack any connection to the Eastern District. Citing *Dukes v. Wal-Mart Stores, Inc.*, 2001 WL 1902806, at *9-10 (N.D. Cal. Dec. 3, 2001) (dismissing improperly venued plaintiffs under Rule 21); *Amochaev v. Citigroup Glob. Mkts, Inc.*, 2007 WL 484778, at *1-2 (N.D. Cal. Feb. 12, 2007) (severing the plaintiffs' claims and dismissing the plaintiff whose claims were not properly venued, noting "each named plaintiff must demonstrate that he or she satisfies Title VII's venue provision").

The Court rejects Defendant's argument. First, as Plaintiffs state, the *Spencer* and *Dukes* cases are inapplicable to the present case. *Spencer* involved

5

seeking to transfer venue between states, and *Dukes* involved a class action whereby the class action rules required all named Plaintiffs to satisfy the venue provisions of Title VII (and sought to change venue between states). Second, the provision cited by Defendant states that "an action may be brought in <u>any judicial district **in the State** in which the unlawful employment practice is alleged to have been committed</u>." 28 U.S.C. § 2000e-(5)(3). Plaintiffs have alleged that Defendant committed Title VII violations in both the Eastern District and Western District. Not only were the alleged Title VII violations committed in Michigan (and the Eastern District is a "judicial district in the State"), but a number of the alleged Title VII violations occurred in the Eastern District.

For these reasons, the Court finds that Defendant's position[1] lacks merit and declines to dismiss Plaintiffs' cause of action for improper venue under Title VII.

---

[1] Despite Plaintiff's extensive response to the Title VII venue argument, Defendant did not even revisit the issue in its reply. Instead, it seemingly conceded that its argument was not successful, as it commenced its reply with the following statement:

> This case should be transferred to the Western District pursuant to § 1404(a) even if venue is appropriate in this judicial district under Title VII's venue provision and § 1391.

ECF No. 18, PageID.356.

### B. Dismissal Pursuant to §1406(a) for Failure to Satisfy §1391(b) Criteria

28 U.S.C. § 1406(a) provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendant argues that Plaintiff's cause of action should be dismissed for improper venue. Defendant argues that Plaintiffs' pursuit of an action in the Eastern District of Michigan contravenes the limitations of 28 U.S.C. § 1391(b), which provides that venue is proper when an action is filed in any of following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant cites to, and relies upon, a recent decision in the Eastern District in a similar case against Defendant where the court *sua sponte* exercised its discretion and transferred the case to the Western District "in the interest of justice." *See Heeg, et al. v. United Electrical Contractors, Inc.*, No. 21-12112

(E.D. Mich., Murphy, J.), ECF No. 3, PageID.41 (quoting 28 U.S.C. § 1406(a)). The *Heeg* court believed the Western District was the more appropriate forum because Defendant's residence, most of the relevant events in the matter, and most of the plaintiffs' residences were based in the Western District. *Id.*

The Court finds that Defendant's reliance on § 1391(b) to establish that the Eastern District is an improper venue, such that Plaintiffs' cause of action should be dismissed or transferred pursuant to § 1406(a), is misplaced. 28 U.S.C. § 1391(d) provides:

> (d) Residency of Corporations in States With Multiple Districts—
>
> > For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

Defendant is a Michigan corporation that, in Defendant's own words, "has an office in Livonia" and "provides electrical services to builders, general contractors, building owners, and governmental organizations and industry throughout the State of Michigan," including "Detroit..., Keego Harbor, Farmington Hills, Birmingham, Novi, Rochester Hills, Royal Oak, among others." ECF No. 13, PageID.187, 189. Although Defendant claims that most of the

8

conduct about which Plaintiffs complain and forms the basis of the Amended Complaint occurred in the Western District, Defendant also concedes that "a few factual allegations asserted by two of nine Plaintiffs" occurred in the Eastern District. ECF No. 13, PageID.202.

Based on those acknowledgments, there can be no dispute that Defendant's contacts in the Eastern District are sufficient to subject Defendant to personal jurisdiction in this district. 28 U.S.C. § 1391(d). The Court concludes that Defendant, as a Michigan corporation with sufficient contacts with the Eastern District, must be deemed to be a resident of both the Western District and Eastern District, such that § 1391(b)(1) and (2) are satisfied. For these reasons, the Court finds that the Eastern District is a proper venue for Plaintiff's cause of action. The Court denies Defendant's Motion insofar as it seeks to dismiss or transfer Plaintiffs' cause of action pursuant to 28 U.S.C. § 1406(a) based on improper venue.

### A. Transfer of Case under 28 U.S.C. § 1404(a)

Even where venue is proper, a district court may grant a motion to change venue and transfer a cause of action pursuant to 28 U.S.C. § 1404(a), which provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

> district or division where it might have been brought or to any district or division to which all parties have consented.

It is undisputed that this cause of action could have been brought in the Western District.

The decision whether to transfer venue of an action pursuant to § 1404(a) lies within the discretion of the district court. *See, e.g., Bunting ex rel. Gray v. Gray*, 2001 WL 69347, at *5 (6th Cir. Jan. 17, 2001). When exercising such discretion, this Court is to consider:

> (i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of the operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) the forum's familiarity with governing law; (viii) the weight accorded the plaintiff's choice of forum; and (ix) trial efficiency and interests of justice, based upon the
> totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000); *MRP Props., LLC v. United States*, 2017 WL 5732912, at *5 (E.D. Mich. Nov. 28, 2017). The factors, collectively, are the "*Overland*" factors.

1. *Convenience of the Witnesses*

The Court recognizes that witness convenience is one of the most important factors in determining whether to transfer venue. *See, e.g., Downing v. Foley Lardner LLP*, 2010 WL 1495767, at *5 (E.D. Mich. Apr. 9, 2010). And, "[i]t is

10

the convenience of non-party witnesses, rather than employee witnesses...that is accorded greater weight." *MRP Props.,* 2017 WL 5732912, at *8.

In its initial brief, Defendant contends that the parties have identified 32 witnesses. 25 reside in the Western District, one resides in New Jersey, and 6 reside in the Eastern District. In its reply brief, Defendant asserts that only seven potential witnesses reside in the Eastern District, while the remaining 31 reside in the Western District. Defendant therefore argues that the vast majority of witnesses will be inconvenienced by travel, including the time, cost and distance required for travel to Detroit from their homes or primary place of work. Defendant concludes that witnesses will be best served by transferring venue to the Western District.

Of the approximately 10 witnesses identified by Plaintiffs in the Amended Complaint, Plaintiffs claim that six of them[2] live in the Western District, each of whom is or was an employee of Defendant, but would be inconvenienced only by 24, 12, 12, 19, 19, and 28 minutes (each way, based on Google Maps). Plaintiffs argue that it seems unlikely this would be a significant imposition on those

---

[2] Jeremy Tolliver, Superintendent of Projects, who lives in Bath, MI; Dave Villegas, Project Manager, who lives in Holt, MI; DJ Shepherd, a Foreman, who lives in Holt, MI; Kevin Langdon, a Foreman, who lives in Lansing, MI; Tim Nolan, a former Foreman, who lives in Lansing, MI; and Zachary Mahoney, a former employee, who lived in Charlotte, MI, when he last worked for Defendant.

witnesses because Defendant provides services, and its employees work, throughout Michigan. Two other witnesses identified in the Amended Complaint (Donna Devereaux, a former Controller, and Jeremy Masunas, a current Foreman) live in the Eastern District (Jackson and Farmington Hills, respectively).

Plaintiffs' argument that no witness would be inconvenienced by more than 28 minutes fails to acknowledge that their computations were based on one-way travel to court – and assumes that no one would have to come for more than one day. When one considers that a witness would (presumably) return home after coming to testify, the inconvenience extends to 48, 24, 24, 38, 38, and 56 minutes, assuming there are no traffic issues. Plaintiff ignores two other employee witnesses of Defendant (Scott Flegler, President, and Rob Peebles, Vice President) identified in the Amended Complaint who live in the Western District (Dewitt and Grand Rapids, respectively). Defendant also notes that Nolan, Maloney, and Christopher Jiminez are former Defendant employees who live in the Western District, such that they would be considered non-party witnesses. *See Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F.Supp.2d 623, 634 (W.D. Mich. 2009) (defendant's former employees are non-party witnesses). A fourth former Defendant employee, Daniel Ayotte, lives in New Jersey, so his residence is neutral as between the Eastern District and Western District.

The Court finds that this factor weighs heavily in favor of transfer to the Western District. Not only are more than 75% of the witnesses located in the Western District, it is clear that the distance to the Detroit courthouse will be greater than the distance to the Grand Rapids courthouse for (seemingly) all of the witnesses residing in the Western District. An action proceeding in the Western District will be much more convenient for the vast majority of the witnesses.

> 2. *Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

All documents relevant to Plaintiffs' causes of action including, but not limited to, Plaintiffs' personnel files, job ledger reports, wage and fringe benefits information and Defendant's policies and procedures are located in Lansing at its corporate office. As Plaintiffs contend, however, the physical location of the documents is not as significant as in the past, as electronic copies of documents can be made readily available (as Defendant did when attaching many of those documents as exhibits to the instant Motion). *MRP Props.,* 2017 WL 5732912, at *11 (where plaintiffs acknowledge that their records are "hosted electronically," the location of relevant documents does not weigh in favor of a change of venue). For that reason, the Court concludes that this factor weighs minimally in favor of transfer to the Western District.

> 3. *Convenience of the Parties*

Five Plaintiffs reside in the Western District, and four Plaintiffs live in the Eastern District. Defendant is headquartered in the Western District, but it also has an office in the Eastern District. The Court finds that, for purpose of convenience of the parties, the Western District is negligibly more convenient.

### 4. *Locus of the Operative Facts*

Defendant contends that the operative facts giving rise to the causes of action filed by seven of the Plaintiffs have no connection to the Eastern District, and four Plaintiffs have no connection to the Eastern District at all. Defendant states that all Plaintiffs complain of decisions made by persons who worked at Defendant's Lansing office, which also is in the Western District. For these reasons, Defendant maintains that the overwhelming majority of operative facts occurred in the Western District, such that this factor weighs in favor of transfer to the Western District.

Plaintiffs counter that 40 of the 61 jobsites in which Defendant's unlawful employment practices occurred were in the Eastern District (66% of the relevant jobsites). Defendant insists that there were only 33 relevant jobsites in the Eastern District because Allen and Murray worked on seven of the same jobsites, but this does not do much to help Defendant's position. If the Court were to reduce from 40 the number of joint jobsites at which unlawful practices occurred in the Eastern

District, however, it also would have to reduce from 61 the number of joint jobsites overall. That mean that 33 of 54 jobsites at which unlawful employment practices occurred were in the Eastern District, which is still more than 60% of the relevant jobsites.

The Court finds that the operative facts are relatively evenly split between the districts, with unlawful events allegedly occurring at more jobsites in the Eastern District but more Plaintiffs complaining of unlawful events that occurred in the Western District. The corporate decision making (or failure to act) at issue likely would have occurred exclusively, or almost exclusively, in the Western District. For these reasons, the Court finds that this factor does not favor proceeding in one district or the other.

   5. *Availability of Process to Compel Attendance of Unwilling Witnesses*

There are many more witnesses, including more key non-party witnesses, in the Western District than in the Eastern District. It is not clear from the parties' briefs how many witnesses, especially non-party witnesses, reside in the Eastern District at a distance of more than 100 miles from Grand Rapids, nor how many witnesses reside in the Western District more than 100 miles from Detroit. The lack of specificity regarding witnesses does not favor transfer of this case to the Western District, *see MRP Props.*, 2017 WL 5732912, at *11, but the Court likewise finds

15

that it is not clear that this factor – and the ability to compel witnesses – weighs in favor of either forum.

### 6. Relative Means of the Parties

Five Plaintiffs and Defendant reside in the Western District. Four Plaintiffs reside in the Eastern District. The parties agree that this is not a significant factor to weigh in considering a change of venue to the Western District, and the Court agrees.

### 7. Forum's Familiarity with Governing Law

The Court agrees with the parties that the Judges of the Eastern District are as familiar with the governing law as the Judges of the Western District. This factor does not weigh in favor of either party.

### 8. Weight Accorded Plaintiffs' Choice of Forum

"When analyzing a transfer of venue issue under 28 U.S.C. § 1404(a), there is a strong presumption in favor of a plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum." *MRP Props.*, 2017 WL 5732912, at *11 (citing *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951) (citation omitted) ("unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed.")). "A plaintiff's chosen forum, however, is not sacrosanct,

16

and will not defeat a well-founded motion for a change of venue." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F.Supp.2d 934, 937 (E.D. Mich. 2001) (citation omitted).

Defendant contends that the weight to be afforded Plaintiffs' choice of forum is outweighed by a number of factors, most significantly the convenience of the parties. *Downing, supra* at *5 (citing *Thomas*, 131 F.Supp.2d at 937). Defendant argues that, because seven of the nine Plaintiffs have minor or no connection to the Eastern District, their choice of the Eastern District as their forum is not significant. *MRP Props.*, 2017 WL 5732912, at *9 ("A plaintiff's choice of forum is entitled to less weight where a plaintiff has little or no connection to the chosen forum.").

Plaintiffs challenge Defendant's reliance on the convenience of witnesses factor, again suggesting that the inconvenience of witnesses is limited due to the maximum of 28 extra minutes to commute to Detroit. As noted above, such calculation fails to account for a round-trip commute, which doubles the amount of time traveling, even before any delays due to traffic.

Based on what appears to be a much greater convenience for witnesses in the Western District, as well as the fact that five of the nine Plaintiffs reside in the Western District and seven of the Plaintiffs have little or no contact with the Eastern District, the Court concludes that the presumption in favor of a plaintiff's

choice of forum is negated in this case. Accordingly, the Court finds that this factor does not favor Plaintiffs, even though they chose the forum, but it does not necessarily weigh in favor of transferring to the Western District, as Defendant desires.

### 9. Trial Efficiency and Interests of Justice

There are parties and events giving rise to the claims that occurred located in both the Eastern District and the Western District, such that each district has an interest in deciding this action, each court would be able to try the case with as much ease and expediency as the other, and jurors in either district would be "burdened" (to use Defendant's word) with deciding matters that bear on both districts. The one consideration that might make a trial more cost efficient in the Western District is the expense of witnesses, as there are so many more that reside in the Western District. The parties do not address the consideration of juror expense, however, and it is likely that juror expenses would be higher in the Western District because the pool encompasses distances much further from the Court (potentially, hundreds of miles), resulting in much greater mileage and hotel reimbursements. Based on a totality of the circumstances, the Court finds that this factor does not weigh significantly in favor of either party.

### 10. Conclusion

There are no *Loveland* factors that favor this case proceeding in the Eastern District rather than the Western District. Six of the factors are, essentially, neutral. Even Plaintiffs' choice of forum, a factor that almost always weighs significantly in favor of a plaintiff, does not favor Plaintiff. Two of the factors, location of documents and locus of operative facts, slightly favor transferring the case to the Western District. Only one factor, convenience of witnesses, clearly favors one district over the other – and it favors transferring the case to the Western District. The Court notes, however, that the convenience of witnesses is one of the most important considerations when determining whether to transfer venue. *Downing, supra.*

After a consideration of all the *Overland* factors, as well as the pleadings and briefs in this case, the Court exercises its discretion and transfers the venue of this case to the Western District of Michigan, primarily based on the convenience of witnesses, together with the facts that five of the nine Plaintiffs and Defendant reside in the Western District and seven of the nine Plaintiffs have little or no contact with the Eastern District.

**IV.    Conclusion**

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue [ECF No. 13] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Motion to Dismiss is DENIED and the Motion to Transfer Venue is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Pretrial Conference [ECF No. 20] is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL IMMEDIATELY TRANSFER this case to the Western District of Michigan.

Dated: May 8, 2023

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT COURT